IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN BARNES,                                              No. 3:14-CV-00979-HZ

                            Plaintiff,                   OPINION & ORDER

        v.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

                            Defendant.

Merrill Schneider
SCHNEIDER KERR & GIBNEY LAW OFFICES
PO Box 14490
Portland, OR 97293

        Attorney for Plaintiff

Ronald K. Silver
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Kathy Reif
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Ryan Barnes brings this action for judicial review of the Commissioner's final decision denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the reasons that follow, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

      Plaintiff filed a prior application for disability insurance benefits and SSI on April 22, 2008. Tr. 18. Plaintiff alleged disability beginning December 31, 2006. Id. The claims were denied initially on September 3, 2008, and upon reconsideration on February 24, 2009. Id. Plaintiff appeared with counsel at a hearing in front of administrative law judge Caroline Siderius ("ALJ Siderius") on May 21, 2010. Id. ALJ Siderius found Plaintiff not disabled and Plaintiff did not appeal the decision. Id. Instead Plaintiff submitted a new application for SSI, which now forms the basis of this case.

      Plaintiff applied for SSI on August 25, 2010, alleging disability beginning August 1, 2010. Tr. 18. His application was denied initially and on reconsideration. Tr. 80-89. Plaintiff failed to appear and testify at a hearing held on July 12, 2012 before ALJ Robert Campbell ("ALJ Campbell"). Tr. 18. Plaintiff's counsel was present at the hearing. Id. On August 29, 2012, ALJ Campbell found Plaintiff not disabled. Tr. 18-28. The Appeals Council denied review. Tr. 1-6.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on depression, a generalized anxiety disorder, borderline intellectual functioning, attention deficit hyperactivity disorder (ADHD), and hearing loss in his right ear. Tr. 21. Plaintiff was twenty-eight years old at the time of the administrative hearing in front of ALJ Campbell. Tr. 156.  He completed the 9th grade of high school. Tr. 160. Plaintiff does not have a G.E.D. Tr. 226. He has past work experience as a tree planter, dock worker, and janitor. Tr. 72.

Because the parties are familiar with the medical and other evidence in the record, the Court refers to any additional relevant facts in the discussion section below.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See, e.g., Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, ALJ Campbell determined that Plaintiff had not engaged in substantial gainful activity since August 25, 2010, the application date. Tr. 21. Next, at steps two and three, ALJ Campbell determined that Plaintiff had the following severe impairments: ADHD, borderline intellectual functioning, depression, generalized anxiety disorder, and hearing loss in his right ear. Id. ALJ Campbell found that the impairments did not meet or equal, either singly or in combination, a listed impairment. Id. At step four, ALJ Campbell concluded that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to performing work that is no more than 1-3 step tasks, he can only occasionally tolerate changes in the work setting, he is only capable of

occasional judgment or decision-making, he can have only occasional contact with the public and co-workers, he works better with things rather than people, and he has moderate hearing loss in the right ear but can hear normal conversation. Tr. 23.

With this residual functional capacity, ALJ Campbell determined that Plaintiff was capable of performing past relevant work as a tree planter. Tr. 27. Alternatively, ALJ Campbell determined that Plaintiff was able to perform work as a janitor, a job that exists in significant numbers in the national economy. Tr. 27-28. Thus, ALJ Campbell determined that Plaintiff was not disabled. Id.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter ... a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."

An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1009-10 (9th Cir. 2014); see also Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. §§ 405(g), 1383(c)(3). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." Id. (citations and quotation marks omitted). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony,

and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995). Where "the evidence can reasonably support either affirming or reversing a decision," the Court may not substitute its judgment for that of the ALJ. <u>Id.</u> (citation omitted). The Court reviews only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely. <u>See</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003).

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) failing to conclude that Plaintiff met the requirements of Listing 12.05(C); (2) failing to discuss the opinion of examining psychologist Dr. Sacks; (3) failing to give legitimate reasons for rejecting the opinion of examining psychologist Dr. Labs; and (4) failing to find Plaintiff an essential witness.

The Court finds that ALJ Campbell did not err. In addition, Plaintiff failed to rebut the presumption of nondisability that carried over from ALJ Siderius' decision; therefore, even if ALJ Campbell erred in any of the ways Plaintiff identifies, such error was harmless.

### I.      Presumption of Continuing Nondisability

As an initial matter, principles of *res judicata* apply to several of the issues raised by Plaintiff. <u>See</u> <u>Chavez v. Bowen</u>, 844 F.2d 691, 693 (9th Cir. 1988) ("principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings"). In a social security case, "a previous ALJ's findings concerning residual functional capacity, education, and work experience are entitled to some res judicata consideration and such findings cannot be reconsidered by a subsequent judge absent new information not presented to the first judge." <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1173 (9th Cir. 2008). "[I]n order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, [a claimant] must

prove 'changed circumstances' indicating greater disability." <u>Id.</u> (citing <u>Taylor v. Heckler</u>, 765 F.2d 872, 875 (9th Cir. 1985)). One way a claimant can prove changed circumstances is by raising "a new issue, such as the existence of an impairment not considered in the previous application." <u>Vasquez v. Astrue</u>, 572 F.3d 586, 597 (9th Cir. 2009) (internal quotation omitted); <u>see also</u> <u>Conley v. Astrue</u>, No. CIV. 09-745-PK, 2010 WL 5101113, at *3 (D. Or. Nov. 1, 2010) <u>report and recommendation adopted,</u> No. CIV. 09-745-PK, 2010 WL 5094405 (D. Or. Dec. 8, 2010) ("A new impairment also constitutes a 'changed circumstance[.]'").

Plaintiff contends that he satisfied his burden of demonstrating changed circumstances. Plaintiff points to evidence of new severe impairments—a hearing impairment and depression—that were not considered by ALJ Siderius. <u>See</u> Tr. 21, 50. The Court agrees that this evidence could constitute changed circumstances, to the extent these new impairments indicate greater disability. On the other hand, to the extent evidence of these new impairments has no impact on ALJ Siderius' finding of nondisability, ALJ Campbell was required to apply *res judicata* to ALJ Siderius' opinion and adopt the presumption of nondisability.

ALJ Campbell noted that *res judicata* applied "to the adjudicated period of the prior ALJ decision." Tr. 18. ALJ Campbell did not expressly state whether he applied *res judicata* to the second period of alleged disability. Absent a finding of changed circumstances, ALJ Campbell should not have reconsidered ALJ Siderius' prior findings. <u>See</u> <u>Stubbs-Danielson</u>, 539 F. 3d at 1173. However, ALJ Campbell's conclusion mirrored that of ALJ Siderius. Therefore, to the extent that ALJ Campbell erred by reconsidering any of ALJ Siderius' prior findings, such error was harmless.

///

II.    Listing 12.05(C)

Plaintiff contends that ALJ Campbell erred in his step-three finding. Plaintiff argues that he has an impairment or combination of impairments that meets or medically equals the severity of the impairment of intellectual disability in the Listing of Impairments, 20 C.F.R. § 404, Subpart P, Appendix 1, Listing 12.05(C).

If a claimant meets or equals a listed impairment and satisfies the twelve-month duration requirement, the claimant is presumed disabled regardless of age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(iii),(d). A claimant bears the burden of producing medical evidence to establish all of the requisite medical findings that his impairments meet or equal any particular listing. Yuckert, 482 U.S. at 146, n. 5. An impairment, or combination of impairments, is medically equivalent to a listing "if it is at least equal in severity and duration to the criteria of any listed impairment," considering "all evidence in [the] case record about [the] impairment(s) and its effects on [the claimant] that is relevant...." 20 C.F.R. § 404.1526(a), (c). Further, equivalence depends on medical evidence only; age, education, and work experience are irrelevant. Id. at § 404.1526(c). Finally, "the claimant's illnesses 'must be considered in combination and must not be fragmentized in evaluating their effects.'" Lester v. Chater, 81 F.3d 821, 829 (9th Cir. 1995) (quoting Beecher v. Heckler, 756 F.2d 693, 694–95 (9th Cir. 1985)).

Here, ALJ Campbell found that Plaintiff's impairments neither met nor equaled any listing. Specifically, ALJ Campbell found that Plaintiff's impairments did not meet or equal Listings 12.02 (organic mental disorders), 12.04 (affective disorders), 12.05 (intellectual disability), or 12.06 (anxiety related disorders). Plaintiff argues that ALJ Campbell failed to properly evaluate whether the combination of his impairments medically equaled Listing

12.05(C). Had he done so, Plaintiff maintains, ALJ Campbell would have been directed to find Plaintiff disabled.

Listing 12.05 provides a two-prong test for determining whether a claimant suffers from intellectual disability. First, there must be evidence of "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested ... before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, ¶ 12.05. If the evidence shows onset before age 22, the second prong can be satisfied in four distinct ways described in subparagraphs A through D. Id. Plaintiff contends he medically equals subparagraph C, which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Id. at ¶ 12.05(C).

The parties do not appear to dispute that Plaintiff demonstrates the onset of low intellectual functioning before the age of 22. Therefore, the issue is whether Plaintiff has a valid IQ score of 60 through 70, and whether Plaintiff has a physical or other mental impairment imposing an additional and significant work related function.

Plaintiff has been tested four times to assess his intellectual functioning. In 1990, Plaintiff received a full IQ score of 73; in 1993, his score was 86; in 2005, his score was 70; and in 2008, his score was 71. Tr. 52, 212, 213, 407. The fact that only one of Plaintiff's IQ scores was within the 60-70 range does not inherently mean that the score is invalid. In fact, courts in the Ninth Circuit have held that where multiple or conflicting IQ scores are available, the operative score for purposes of determining whether a claimant's impairments meet or equal Listing 12.05(C) is the lowest "valid verbal, performance, or full scale IQ" score the claimant has received. Borders v. Colvin, No. 2:13-CV-01985-AA, 2014 WL 6901177, at *5 (D. Or. Dec. 3, 2014); see also Ray v. Chater, 934 F. Supp. 347, 350 (N.D. Cal. 1996); Low v. Colvin, 2014 WL 4968285, at *5

(E.D. Cal. Sept. 30, 2014); Hutnick v. Colvin, 2014 WL 880360, at *5 (E.D. Cal. March 5, 2014); Anthony v. Colvin, 2014 WL 3792780, at *3 (C.D. Cal. July 31, 2014). Courts have adhered to this rule even when the claimant's most recent IQ score is the higher score and does not qualify under 12.05(C). See Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987) (IQ requirement for 12.05(C) satisfied where claimant had qualifying score in 1982 and nonqualifying score in 1983); Lewis v. Astrue, 2008 WL 191415, at *6 (N.D. Cal. Jan. 22, 2008) (only claimant's lowest score is relevant to Listing 12.05(C) regardless of whether the record contains a subsequent higher score). In sum, the Court finds that ALJ Campbell could not disregard Dr. Labs' full scale IQ score of 70 solely because other, higher scores existed.

However, ALJ Campbell could nevertheless find that Plaintiff's score of 70 was invalid on the basis of other evidence. See 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05.C (requiring a "valid" IQ score to meet the Listing); Thresher v. Astrue, 283 F. App'x 473, 475 (9th Cir. 2008) ("The regulations' inclusion of the word "valid" in Listing 12.05C makes the ALJ's authority clear.") The Ninth Circuit has "never decided what information is appropriately looked to in deciding validity." Thresher, 283 F. App'x at 475. Decisions from other courts indicate that the ALJ may rely on external evidence of a score's invalidity, such as improper testing conditions or a claimant's participation in activities inconsistent with the IQ score. See Thresher, 283 Fed. App'x. at 475 n. 6 (citing cases). Thresher suggests, at a minimum, that an ALJ should not find that "other evidence" renders an IQ invalid without explaining how that evidence impacts the validity of the score. Id.; see also Applestein-Chakiris v. Astrue, No. 09CV00009 BTM(WMC), 2009 WL 2406358, at *8 (S.D. Cal. Aug. 5, 2009) (although an ALJ may question the validity of an IQ score, he may not otherwise reject an IQ score without substantial evidence).

Notably, all of Plaintiff's tests of intellectual functioning were conducted prior to his first SSI benefits hearing. ALJ Siderius found that Plaintiff's IQ score of 70 was invalid and Plaintiff did not submit any new evidence regarding IQ scores for ALJ Campbell's consideration. ALJ Siderius stated that the score of 70 was not consistent with his other scores of 73 and 86, there was no indication in the record of head injury or other medical problems to support a significant drop in IQ points, mental health treatment records indicated stable symptoms, and Plaintiff's functioning had not been noted to decline significantly at any point in the record. Tr. 55.

The Ninth Circuit's opinion in <u>Schneider v. Comm'r of Soc. Sec. Admin.</u>, 223 F.3d 968, 974 (9th Cir. 2000) is instructive. In <u>Schneider</u>, the Court addressed whether two prior administrative rulings that found Ms. Schneider not disabled created a presumption of nondisability in a third case. <u>Id.</u> In between the second and third case, Ms. Schneider obtained new psychological testing that demonstrated a drop in her GAF score and a change in diagnosis, resulting in the psychologist's opinion that she was substantially incapacitated. <u>Id.</u> Given the change in Ms. Schneider's test scores and diagnosis, the Court found that Ms. Schneider had presented sufficient proof of changed circumstances to overcome the presumption of nondisability. <u>Id.</u>

Here, the evidence Plaintiff submitted regarding changed circumstances as to his depression and hearing impairment had no bearing on IQ tests conducted from 1990-2005. Plaintiff did not submit any new IQ tests, nor did he present information of a new diagnosis relevant to his level of intellectual functioning.

ALJ Campbell found that Plaintiff's score of 70 was invalid for the same reasons as ALJ Siderius. Therefore, even if ALJ Campbell did not expressly apply *res judicata*, his conclusion

was the same as that of ALJ Siderius—Plaintiff failed to meet the requirements of 12.05(C) and was therefore not disabled at step three.

### III.    Examining Psychologist Gary Sacks

Plaintiff argues that ALJ Campbell erred by failing to consider the opinion of examining psychologist Gary Sacks, Ph.D.  While ALJ Siderius discussed Dr. Sacks' findings, ALJ Campbell did not mention Dr. Sacks' report or include it as part of the evidence of record. Dr. Sacks' evaluation is important, according to Plaintiff, because it demonstrates an IQ score of 71, which adds credibility to Plaintiff's other IQ score of 70. Defendant contends that Plaintiff had the burden to submit Dr. Sacks' report to ALJ Campbell and failed to do so.

Even assuming *arguendo* that ALJ Campbell erred by not considering Dr. Sacks' opinion, that error was harmless. As addressed above, the issue of the validity of Plaintiff's IQ score of 70 is precluded by ALJ Siderius' decision. Therefore, even if ALJ Campbell had considered Dr. Sacks' opinion, it would not have affected the outcome of the present case. Nothing in Dr. Sacks' opinion shows changed circumstances that would rebut the presumption of continued nondisability.

### IV.    Examining Psychologist Sharon Labs

The Ninth Circuit has determined that if an examining doctor's opinion is contradicted by another doctor's opinion, "an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198-99 (9th Cir. 2008) (citations omitted). Plaintiff argues that ALJ Campbell failed to provide legally sufficient reasons to reject the opinion of examining psychologist Sharon Labs, Ph.D. The Court disagrees.

Dr. Labs conducted a neuropsychological evaluation of Plaintiff in 2005. Tr. 404. The purpose of the evaluation was "to assess [Plaintiff's] current level of cognitive and affective functioning to assist in vocational planning." Id. Dr. Labs noted that Plaintiff had a history of ADHD and learning difficulties, and had dropped out of school in the ninth grade. Id. After administering a clinical interview and multiple tests, Dr. Labs diagnosed Plaintiff with ADHD, inattentive type, by history, with adult residuals; generalized anxiety disorder; rule out panic disorder; and borderline intellectual functioning. Tr. 410. Overall, Dr. Lab determined that Plaintiff functioned in the "Borderline range of intellectual abilities." Tr. 409. Dr. Labs noted a verbal scale IQ score of 71, a performance scale IQ score of 74, and a full scale IQ score of 70. Tr. 407. She also assessed Plaintiff with a Global Assessment of Functioning (GAF) score of 50. Tr. 411. Dr. Labs opined that Plaintiff would "have difficulty being employed on a full-time basis in a productive manner without significant support." Tr. 410. In addition, she wrote that if Plaintiff was employable at all, he would require "long-term supported employment in a highly structured and supervised setting." Id.

ALJ Campbell gave "limited weight" to Dr. Labs' opinion that Plaintiff would require long-term supported employment in a highly structured and supervised setting because it conflicted with employment records indicating that Plaintiff worked as a tree planter and janitor in settings that were not highly structured. Tr. 25. ALJ Campbell gave limited weight to the GAF score of 50 because Plaintiff received higher scores from his long-term treatment providers and those higher scores were more consistent with the objective medical evidence. Tr. 26. Finally, ALJ Campbell gave limited weight to Dr. Labs' full scale IQ score of 70 for the reasons already discussed. Id.

As with Plaintiff's IQ score, Defendant argues that Plaintiff fails to present evidence demonstrating changed circumstances, related to his cognitive impairment, to overcome the presumption of nondisability as it relates to Dr. Labs' opinion. Plaintiff repeats his argument that new evidence related to his hearing impairment and depression is sufficient to satisfy the burden of showing changed circumstances.

Plaintiff fails to demonstrate how the new impairments of hearing problems and depression affect the weight that should be assigned to Dr. Labs' opinion. In fact, Plaintiff undermines his own argument—Plaintiff asserts that "Dr. Labs opined that Plaintiff needed a long-term supported employment in a highly structured and supervised setting due to his cognitive limitations, not due to his symptoms of depression and anxiety." In other words, any additional evidence of Plaintiff's depression would not have altered Dr. Labs' opinion.

The Court agrees with Defendant that Plaintiff fails to meet his burden of showing changed circumstances. Furthermore, even if the new impairments did constitute changed circumstances, ALJ Campbell provides specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Labs' opinion. ALJ Campbell lists Plaintiff's employment history, objective medical evidence, and the contradictory opinions of other medical providers. While the record may be susceptible to more than one rational interpretation, if the ALJ's decision is supported by substantial evidence it must be upheld. See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); see also Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014) ("we cannot substitute our conclusions for the ALJ's"). Therefore, the Court must uphold ALJ Campbell's decision to assign little weight to Dr. Labs' opinion.

///

14 - OPINION & ORDER

### V.    New hearing

The Hearings, Appeals, and Litigation Law Manual ("HALLEX") is a policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members. See Moore v. Apfel, 216 F.3d 864, 868 (9th Cir. 2000). HALLEX I-2-4-25(D) states that if a claimant does not appear at a hearing, but an appointed representative does, the ALJ may proceed with the hearing and then issue a Request to Show Cause for Failure to Appear to the claimant. If the claimant fails to show good cause for failure to appear at the scheduled hearing, the ALJ may issue a decision on the record.

Plaintiff failed to appear in front of ALJ Campbell because he was involved in a child custody dispute with his wife on the morning of the hearing. Tr. 140. Plaintiff argues that ALJ Campbell erred in failing to find good cause for granting Plaintiff a new hearing.

The Ninth Circuit has determined that "HALLEX does not have the force and effect of law, it is not binding on the Commissioner" and, therefore, the Court "will not review allegations of noncompliance with the manual." Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000); see also Parra v. Astrue, 481 F.3d 742, 749 (9th Cir. 2007); Western Radio Services Co. v. Espy, 79 F.3d 896, 900 (9th Cir. 1996) ("we will not review allegations of noncompliance with an agency statement that is not binding on the agency"). On this basis alone, Plaintiff's argument fails.

///

///

///

15 - OPINION & ORDER

Furthermore, even if the ALJ erred by not granting Plaintiff an additional hearing in order for him to testify, that error was harmless. Plaintiff fails to rebut the presumption of nondisability that attaches from ALJ Siderius' decision. His testimony would not change the outcome of this case, because he failed to submit any evidence of a new impairment that would constitute changed circumstances impacting his cognitive impairment or ability to work.

**CONCLUSION**

Based on the foregoing, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this _____ day of _____, 2015

MARCO A. HERNÁNDEZ
United States District Judge